CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUL 21 1999
ROBERT M. MARCH
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD RALPH MARTINEZ,

    Applicant,

v.                                          No. CIV-98-1307 LH/JHG

TIM LeMASTER, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondents' motion to transfer (Doc. #17) filed June 30, 1999. Respondents assert that Applicant's application for writ of habeas corpus is his eighth application under 28 U.S.C. § 2254 and should be transferred to the Court of Appeals for the Tenth Circuit under 28 U.S.C. § 2244(b)(2) & (3). In his response to the motion to dismiss, Applicant concedes he has previously filed an application under § 2254 but argues the claims in the instant application are not subject to the provisions of § 2244(b). As discussed below, the application will be transferred to the United States Court of Appeals for the Tenth Circuit.

Applicant is incarcerated following violation of his conditions of parole. The instant application contains two claims, one attacking the alleged miscalculation of Applicant's parole term by the corrections department, and the other attacking his conviction on constitutional grounds. Even if the jurisdictional claim were dismissed under § 2244(b)(2) or Rule 9(b) Governing Section 2254 Cases, the remainder of the application attacking the calculation of Applicant's parole term is subject to the "gatekeeping" provisions of section 2244(b)(3). *Vargas v. Sikes*, 42 F. Supp.2d 1380, 1381 (N.D. Ga. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)); *and see Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir.1996) (applying abuse-of-the-writ principles to petitions



attacking execution of sentence). Because Applicant's application is "second or successive" requiring appellate authorization under § 2244(b)(3), and is not accompanied by an authorizing order, the application will be transferred to the Court of Appeals. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.

IT IS THEREFORE ORDERED that Respondent's motion to transfer (Doc. #17) filed June 30, 1999, is GRANTED, and the Clerk is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit.

UNITED STATES DISTRICT JUDGE